**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 02:31 PM September 6, 2012**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| MICHAEL BRADY AND | ) | CASE NO. 10-65058 |
| DYANNA BRADY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On August 31, 2012, Debtors filed an amended motion to reopen their chapter 7 case, pursuant to 11 U.S.C. § 350(b), for the purposes of filing motions to avoid liens. The motion to reopen was accompanied by an amended motion to waive the corresponding filing fee. The motion to reopen was granted. The court now considers the amended motion addressing the filing fee.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors filed a joint chapter 7 petition on December 6, 2010. The chapter 7 trustee filed a

no asset report on February 7, 2011 and Debtors were discharged on April 6, 2011.   The case was closed five days later.   Debtors now seek to reopen the case to avoid prepetition judgment liens.

## DISCUSSION

Debtors present two alternative grounds for relief from payment of the reopening fee. First, they argue that the fee should not be charged because they are reopening the case to take "an action relating to Debtor's discharge."   The language Debtors rely on is taken from the Bankruptcy Fee Compendium III dated April 1, 2012.

The fee for reopening a case is part of the Bankruptcy Court Miscellaneous Fee Schedule adopted by the Judicial Conference under the authority of 28 U.S.C. § 1930(b).   Thus, the Miscellaneous Fee Schedule is the first point of reference.   It states, in relevant part:

> The reopening fee must be charged when a case has been closed without a discharge being entered.
>
> The court may waive this fee under appropriate circumstances or may defer payment of the fee from trustees pending discovery of additional assets. If payment is deferred, the fee should be waived if no additional assets are discovered.
>
> The reopening fee must not be charged in the following situations:
>
> > • to permit a party to file a complaint to obtain a determination under Rule 4007(b); or
> >
> > • when a debtor files a motion to reopen a case based upon an alleged violation of the terms of the discharge under 11 U.S.C. § 524; or
> >
> > • when the reopening is to correct an administrative error.

The Bankruptcy Compendium III is a support tool designed to "guide bankruptcy clerks in collecting fees for filing bankruptcy cases, in filing certain proceedings within or related to bankruptcy cases, and in delivering services either by the clerk's office or under the clerk's supervision."   Compendium ¶ 1.   While it may be helpful, it is not authoritative and must be read with the Miscellaneous Fee Schedule as the background.   Under this backdrop, the court cannot accept Debtors' argument.

The Compendium's use of the phrase "an action relating to Debtor's discharge" is a characterization of two of the three situations in which the clerk is directed not to collect the reopening fee:   when the relief is sought to file a Rule 4007(b) adversary complaint, with the purpose of determining the dischargeability of debts, and § 524 actions, generally presented as contempt actions seeking to enforce the discharge injunction.   This is fully explained in footnote 294 in the Compendium.   Debtors' "preferred interpretation" of the footnote is strained.   The

court cannot conclude that the reopening is necessitated by a need to protect Debtors' rights under the discharge order. Therefore the fee is applicable.

Debtors admit that they are reopening their case to avoid prepetition judgment liens that were recorded immediately before they filed bankruptcy. They were not aware of the liens when they filed and therefore did not know to act to avoid the liens during the bankruptcy. This action is merely an attempt to remedy that oversight. On this basis, this case is identical to In re Baumler, Case No. 09-63362 (Bankr. N.D. Ohio August 16, 2010). Their pursuit could be characterized as an effort to expand the reach of their discharge and afford themselves additional relief provided by the bankruptcy code. Regardless of the characterization, Debtors have not identified a single act by a creditor that indicates their discharge is jeopardized or infringed. Consequently, the court cannot accept that is an action related to the discharge. As in Baumler, the court concludes that the fee is appropriately collected in this situation.

Alternatively, Debtors seeks a fee waiver from the court under 28 U.S.C. § 1930(f)(2). The motion provides current income information, allegedly supported by documentation. However, the documentation was not attached. The court will provide Debtors additional time to appropriately support their request.

An order will be issued immediately.

#     #     #


**Service List:**

Robert Goldberger
13 Park Ave W
#300
Mansfield, OH 44902

Josiah L Mason
153 W Main St
PO Box 345
Ashland, OH 44805-2219

Michael Brady
Dyanna Brady
PO Box 3953
Mansfield, OH 44907